UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br><br>   v.<br><br>AMSTED RAIL CO., INC.,<br><br>       Defendant. | Case No. 14-cv-1292-JPG-SCW |

## MEMORANDUM AND ORDER

This matter comes before the Court on the plaintiff Equal Employment Opportunity Commission's ("EEOC") amended motion to strike eight of defendant Amsted Rail Co., Inc.'s ("Amsted") affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) or, in the alternative, for judgment on the pleadings on some of those defenses pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 16).   Amsted has responded to the EEOC's motion (Doc. 25).

This case challenges Amsted's medical screening process for potential employees.   The EEOC believes that screening violates the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* because it discriminates against qualified applicants based on their record of disability and/or Amsted's regarding them as disabled.   The EEOC seeks injunctive relief as well as compensatory and punitive damages.   Amsted has asserted ten "affirmative and other defenses," including the following defenses:   (1) failure to state a claim, (4) acts taken for legitimate, non-discriminatory reasons, (5) good faith effort to comply with the law, (6) lack of subject matter jurisdiction because of failure to conciliate, (7) damages not recoverable under statute, (8) laches, (9) after-acquired evidence and (10) reservation of right to add defenses.

The EEOC now asks the Court to strike the defenses listed above or, in the alternative, for

judgment on the pleadings on defenses 1 and 6.  It claims the defenses are not supported by sufficient factual pleading as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and that it will be prejudiced by having to litigate them.  In response, Amsted asks to withdraw defenses 1, 4 and 9, so the Court will grant the EEOC's motion as to those defenses.  As for defenses 5, 6, 7, 8 and 10, Amsted contends they are sufficiently pled and, in any case, will cause no prejudice to the EEOC from remaining in Amsted's answer.

Federal Rule of Civil Procedure 12(f) governs motions to strike matters from pleadings.  Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay.  *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike.  *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).  The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."  5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68.  The burden on a motion to strike is upon the moving party.  *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

Here, the EEOC has not carried that burden with respect to defenses 5, 6, 7 and 8. Defense 5 has a "logical connection" to the EEOC's ADA claims in that it asserts a good faith defense to punitive damages in a discrimination claim that is recognized by *Kolstad v. American Dental Association*, 527 U.S. 526, 545-46 (1999). Similarly, the extent of the EEOC's conciliation efforts in defense 6 relate to the subject matter of this case because conciliation is a prerequisite for filing discrimination lawsuit, *See Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645, 1651 (2015) (Title VII context), although whether it is a jurisdictional bar is apparently a subject of dispute between the parties. Defense 7 also relates to the subject matter of this case because it challenges the EEOC's ability to obtain some of the damages pled in its complaint, and defense 8, laches, relates to the equities of hearing this suit at the time and is clearly not unrelated to the claims.

More importantly, the EEOC has not shown it will be prejudiced from allowing these defenses to remain in Amsted's answer. Discovery required to prove defenses 5, 6, 7 and 8 will likely already be covered in the discovery required for the EEOC to prove its case, and if it is not, the additional discovery required would be minimal – perhaps a few extra questions in a deposition or two of parties who would be deposed anyway. Consequently, allowing the defenses to remain in the case will not cause any party to spend significant resources litigating spurious matters. Additionally, any ambiguities in the defenses as currently pled will be easily fleshed out in discovery and are not likely to lead the parties far astray from the relevant facts.

As for defense 10, it is not a defense at all but essentially a declaration of exemption from Federal Rule of Civil Procedure 15's rules on amending pleadings. This declaration has no relation or logical connection to the claims in this case and will be stricken.

As for the EEOC's request for judgment on the pleadings as to defense 6, it has not

supported that request with relevant citation to the standards for issuance of judgment on the pleadings.   The adequacy of the EEOC's conciliation efforts and the ramifications if those efforts were inadequate can, and surely will, be raised and fully briefed at a later stage of this case.

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the EEOC's amended motion to strike or, in the alternative, for judgment on the pleadings (Doc. 16).   The motion is **GRANTED** to the extent it seeks to strike defenses 1, 4, 9 and 10, and the Court **STRIKES** those defenses.   The motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**
**DATED:   July 21, 2015**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**