UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

  v.

AMSTED RAIL CO., INC.,

      Defendant.

Case No. 14-cv-1292-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Equal Employment Opportunity Commission's ("EEOC") objection (Doc. 63) to the February 26, 2016, order of Magistrate Judge Stephen C. Williams (Doc. 61). Defendant Amsted Rail Co., Inc. ("Amsted") has responded to the objection (Doc. 64), and the EEOC has replied to that response (Doc. 72).

**I.    Background**

The EEOC filed this case against Amsted under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Amsted operates a facility in Granite City, Illinois, where it employs individuals as "chippers." A chipper's duties include using a hammer or grinder to remove metal protrusions from steel castings. The EEOC alleges that Amsted requires those applying to be chippers to submit to a medical evaluation, which includes a medical history questionnaire and a nerve conduction test. In 2011, Montrell Ingram, who had a history of carpal tunnel syndrome, applied to be a chipper and was offered the position contingent upon his passing the medical evaluation. After completing the evaluation, Amsted declined to hire Ingram on the grounds that he was not medically qualified. The EEOC claims in this case that, starting in late 2010, Amsted violated the ADA when it denied Ingram and a class of 43 other job applicants employment (1) because it regarded them as disabled based on the results of a nerve conduction test or (2) because they had a record of disability, carpal tunnel syndrome.

The pending dispute involves the adequacy of the EEOC's response to certain discovery requests propounded by Amsted regarding medical records and prior employment of the job applicants the EEOC is representing in this case (the "claimants"). Magistrate Judge Williams held a hearing on the discovery dispute on February 25, 2016 (Doc. 60), and issued a written order on February 26, 2016 (Doc. 63). On March 10, 2016, the EEOC timely objected to Magistrate Judge Williams' order. The Court has reviewed the hearing as well as the written materials on file.

## II. Standard of Review

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). In reviewing a magistrate judge's discovery ruling, the Court must keep in mind that judges have broad discretion when deciding discovery disputes or delimiting the scope of discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 838 (7th Cir. 2014) (citing *Corley v. Rosewood Care Ctr., Inc.,* 142 F.3d 1041, 1052 (7th Cir.1998)).

## III. Analysis

At his February 25, 2016, hearing and in his February 26, 2016, order Magistrate Judge Williams addressed a number of discovery disputes regarding the EEOC's responses to Amsted's interrogatories and request for document production ("RFP"). Only some of Magistrate Judge Williams' rulings are the target of the EEOC's current objection. All involve the proper scope of discovery, which is set forth in Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The EEOC has grouped its objection to the rulings as to Interrogatory #6, RFP #8 and RFP #9 together, and its objection to the rulings as to Interrogatory #9, Interrogatory #14, RFP #4 and RFP #5 together. The Court will address each group in turn.

    A.    Interrogatory #6, RFP #8 and RFP #9

In summary, these discovery requests seek medical information and medical records of claimants going as far back as 2005, approximately five years before Amsted's alleged discriminatory conduct. The EEOC has taken the position that the production should be limited. Magistrate Judge Williams ruled as follows:

**Interrogatory #6**: In this interrogatory, Amsted asked the EEOC to identify for each claimant all health care providers who treated each claimant from January 1, 2005, to the present, along with the nature and period of treatment. The EEOC responded for 30 of the 50 claimants and limited its response to three categories of treatment (carpal tunnel syndrome, treatment related to the inability to work *after* a claimant's application for employment by Amsted, and emotional distress *after* Amsted's failure to hire), objecting to the full request as overly burdensome, overly broad, irrelevant and privileged. Magistrate Judge Williams ordered the EEOC to provide information as to all claimants about all medical providers and treatment within the requested time period without limitation. He reasoned that mental health or medical treatment prior to Amsted's employment decision is relevant to the causation and magnitude of emotional distress suffered after the failure to hire. He further found that approximately five years prior to the alleged discriminatory acts to be a reasonable period for such an inquiry in an interrogatory.

**RFP #8**: In this RFP, Amsted asked the EEOC to produce documents, including medical records, indicating a claimant's inability to work beginning in 2009, approximately two years before the alleged discriminatory conduct. The EEOC objected to production of documents regarding conditions that ended before a claimant applied to work at Amsted as overly broad, unduly burdensome and irrelevant. Magistrate Judge Williams ordered that responsive documents in a claimant's possession, including medical documents, be produced. If the claimant had applied for disability benefits, the EEOC must produce documents submitted in support of the claim and documents indicating the disposition of the claim.

**RFP #9**: In this RFP, Amsted asked the EEOC to produce all medical records for each claimant beginning in 2005. Amsted limited its response consistent with its response to Interrogatory #6, objecting to the full request as overly burdensome, overly broad and irrelevant. For the same reasons applicable to his ruling on Interrogatory #6, Magistrate Judge Williams overruled the EEOC's blanket objection. He ordered the EEOC to produce all responsive documents within a

claimant's possession, subject to redactions to be worked out between the parties or decided by the Court on a case by case basis, or to produce an authorization for Amsted to obtain the claimant's medical records.

In its objection, the EEOC concedes that it should produce all records relating to carpal tunnel syndrome and, for seven claimants Amsted claims it did not hire because of other medical conditions, that it should produce medical information and records regarding those other conditions going back to 2005. As to the other information sought, the EEOC argues medical information that predates an application to work for Amsted is irrelevant if the medical condition was over before the claimant applied for work and if Amsted did not know of the condition at the time of its hiring decision. For the first time, the EEOC argues mental health information that would be disclosed in the document production would improperly reveal matter covered by the psychotherapist-patient privilege, at least for those claimants seeking to recover for only "garden variety" emotional distress.

Amsted responds that the medical information Magistrate Judge Williams ordered to be produced is relevant, not privileged, and proportionate to the needs of the case. It argues a claimant's medical condition is not only relevant to his or her emotional distress but to whether he or she is a qualified individual under the ADA.[1] It further notes that private health information can be produced consistent with HIPAA so long as there is a protective order, which there is in this case, and that the EEOC has waived its right to assert the psychotherapist-patient privilege by not raising it before Magistrate Judge Williams and not establishing it applies to any of the discovery sought in this case.

With respect to the foregoing discovery requests, Magistrate Judge Williams' factual findings were not clearly wrong, and his conclusions were not contrary to law. It was not an error to conclude that the evidence sought is relevant to the question of damages, as least as long as emotional distress

---

[1] In its reply brief, the EEOC asserts the unremarkable proposition that medical information not known to Amsted at the time it made its employment decision is not relevant to its reasons for that decision. However, this was not the basis for Magistrate Judge Williams' relevance finding, so this argument does not sway the Court to overturn that finding.

4

remains an issue. Furthermore, Magistrate Judge Williams was correct that that responses to Interrogatory #6 require only provider names and the general nature and duration of the treatment, not any privileged matter or details of the treatment. *See Santelli v. Electro-Motive*, 188 F.R.D. 306, 310 (N.D. Ill. 1999).

Finally, to the extent privileged material is reflected in the medical records, Magistrate Judge Williams did not abuse his discretion in ordering the parties to attempt to work out appropriate redactions, with the understanding that any objections to redactions would be reviewed by the Court on a case by case basis if challenged. In such proceedings, Magistrate Judge Williams may consider the psychotherapist-patient privilege, *see Jaffee v. Redmond*, 518 U.S. 1 (1996), whether a claimant has waived that privilege, *see Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *Santelli*, 188 F.R.D. at 308, and any other appropriate measures to protect mental health records. Production of other private information will be appropriately protected by the HIPAA-qualified protective order in place.

It is clear from the hearing and the written order that Magistrate Judge Williams has considered the appropriate factors in applying the scope of discovery in this case, including the importance of the discovery to the claimants' emotional distress claims, the fact that Amsted has little access to this information in any other way, the burden of production compared to its benefit, and the possibility that privileged information may need to be protected from disclosure by redaction. Because none of Magistrate Judge Williams' foregoing rulings was clearly erroneous or contrary to law, the Court will not disturb those rulings.

  B.  <u>Interrogatory #9, Interrogatory #14, RFP #4 and RFP #5</u>

In summary, these discovery requests seek employment/unemployment and income information and records of claimants beginning before their applications to work at Amsted. The EEOC has taken the position that the production should be limited. Magistrate Judge Williams ruled as follows:

**Interrogatory #9:** In this interrogatory, Amsted asked the EEOC to provide income information for each claimant beginning two years before each claimant applied to work at Amsted, regardless of the source of the income. The EEOC responded with information beginning from each claimant's application and excluded income from third-parties benefits such as social security or worker's compensation, objecting that a broader response would not be relevant. Magistrate Judge Williams found that earned income information covering the two years prior to a claimant's application was relevant to a claimant's mitigation of damages, that is, what the claimant would have been able to earn after Amsted turned him or her down. As for third-party benefits, Magistrate Judge Williams held that whether a claimant received third-party benefits as a result of an inability to work (*e.g.*, Social Security disability benefits, other disability insurance benefits, worker's compensation) is relevant to whether the claimant was a qualified individual under the ADA, that is, whether they could perform essential job functions, but that the amount of those benefits is not relevant. Accordingly, Magistrate Judge Williams ruled that the EEOC need not provide the amount of the benefit but it must provide the date of the request for benefits, the period benefits were paid and the justification for granting the benefits.

**Interrogatory #14:** In this interrogatory, Amsted asked the EEOC to provide each claimant's work history beginning in high school. The EEOC objected to the request for pre-application information as irrelevant. For the same reasons applicable to his ruling on Interrogatory #9, Magistrate Judge Williams found that work history beginning two years before each claimant's application to work at Amsted was relevant and directed the EEOC to provide that information.

**RFP #4:** In this RFP, Amsted asked the EEOC to produce documents indicating a claimant's income beginning in 2009. For the same reasons applicable to his ruling on Interrogatory #9, Magistrate Judge Williams ordered production of documents showing income earned during the two years before a claimant applied to work for Amsted. Magistrate Judge Williams noted that this could be accomplished by producing W2s or paycheck stubs, or if those documents were not available, redacted tax returns in a claimant's possession.

**RFP #5:** In this RFP, Amsted asked the EEOC to produce documents indicating employment benefits (like 401K plans) beginning two years before a claimant's application to work at Amsted. Magistrate Judge Williams interpreted the request to seek documents indicating benefits received by a claimant during that time period and ordered production of such documents in a claimant's possession.

In its objection, the EEOC argues work history that predates a claimant's application to work at Amsted is irrelevant to the issue of back pay, which is only impacted by a claimant's work history *after* Amsted's alleged discriminatory conduct. The EEOC faults Magistrate Judge Williams' relevance analysis regarding mitigation of damages because he posited a claimant might have had the ability to get a better paying job than the one he or she applied for at Amsted when the law only requires efforts to get a substantially equivalent job. The EEOC also argues a claimant's receipt of benefits from third parties

6

for an inability to work before application to Amsted is not relevant to back pay or mitigation of damages or to Amsted's reasons for failing to hire a claimant.[2]

Amsted responds that a claimant's work history is relevant to his or her ability to find comparable work following the alleged discriminatory conduct and to an after-acquired evidence defense to limit its damages.[3] Amsted also argues that pre-application third-party benefits are relevant to the claimant's qualifications to work at Amsted.

With respect to the foregoing discovery requests, Magistrate Judge Williams' factual findings were not clearly wrong, and his conclusions were not contrary to law. It was not an error to conclude that two years of pre-application employment evidence was relevant to the claimant's mitigation of damages in that his or her ability to get another job would depend on his prior work and earned income history. Magistrate Judge Williams explained this numerous times during the February 25, 2016, hearing.

Magistrate Judge Williams found a claimant's statements to a third-party benefit provider regarding his or her ability to work during the two years before applying to Amsted is relevant to whether he or she was qualified for the chipper position at Amsted. Thus, documents relating to those claims, other than amounts awarded in benefits, were properly found to be discoverable. This was not a clear factual error or a mistake of law.

Because none of Magistrate Judge Williams' rulings was clearly erroneous or contrary to law, the Court will not disturb those rulings.

---

[2] In its reply brief, the EEOC objects for the first time to Magistrate Judge Williams' ruling on disclosure of receipt of employment benefits, as sought in RFP #5. Because the EEOC raised this issue for the first time in its reply brief, it has waived this argument as a basis for overturning Magistrate Judge Williams' discovery ruling. *See Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (holding that arguments raised for the first time in a reply brief are waived).

[3] In its reply brief, the EEOC objects to Amsted's assertion that a claimant's pre-application work history would be relevant to an after-acquired evidence defense. However, this was not the basis for Magistrate Judge Williams' relevance finding, so this argument does not sway the Court to overturn that finding.

## IV. Conclusion

For the foregoing reasons, the Court:

- **OVERRULES** the EEOC's objections (Doc. 63);

- **AFFIRMS** Magistrate Judge Williams' February 26, 2016, order (Doc. 61); and

- **ORDERS** that the EEOC shall have 21 days from entry of this order to respond to the discovery requests considered in this order. Requests for extensions of time shall be directed to Magistrate Judge Williams.

**IT IS SO ORDERED.**
**DATED: May 9, 2016**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**