UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMSTED RAIL CO., INC.,<br><br>    Defendant. | Case No. 14-cv-1292-JPG-SCW |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Amsted Rail Co., Inc.'s ("Amsted") motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 118). Amsted asks the Court to certify for immediate appeal the Court's November 16, 2017, non-final order granting summary judgment in favor of the plaintiff Equal Employment Opportunity Commission ("EEOC") on some of its claims under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a). The EEOC has responded to the motion (Doc. 121), arguing that the Court's summary judgment ruling does not satisfy the statutory criteria for an interlocutory appeal.

The Court of Appeals, in its discretion, may hear an interlocutory appeal after certification from the district court that the appeal presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trs. of Univ. of*

*Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). The party seeking an interlocutory appeal bears the burden of demonstrating "'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978) (quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)).

As for the first statutory criterion, a "question of law" within the meaning of § 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to the question whether the party opposing summary judgment had raised a genuine issue of material fact." *Ahrenholz,* 219 F.3d at 676. In considering the interlocutory appeal of a denial of summary judgment, the Court of Appeals explained that such a denial was technically a question of law; however, it was not a "question of law" within § 1292(b). *Id.* It explained,

> We think [Congress] used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case. . . . But to decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there. . . .

*Id.* at 676-77. The Court of Appeals concluded that, in the § 1292(b) context, "'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.* at 677.

The Court need not address the other three criteria for certifying an interlocutory appeal under § 1292(b) because Amsted has failed to identify any pure "question of law" for interlocutory appeal. Instead, the "questions of law" to which it points are whether there are genuine issues of

material fact with respect to the elements of the EEOC's ADA claims or to Amsted's direct threat affirmative defense. The Court is hard-pressed to see how these supposed "questions of law" could resemble any more closely the type of questions the Court of Appeals has instructed district courts *not* to certify. They do not present pure questions of law or abstract legal issues such as, for example, "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. Instead, they involve the application of established legal principles to a large body of evidence. The Court of Appeals could not decide those questions without "hunting through the [here, voluminous] record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there." *Id.* at 677. *Ahrenholz* directs that certification of an immediate interlocutory appeal in these circumstances is simply inappropriate.

For this reason, the Court **DENIES** Amsted's motion for certification of an interlocutory appeal pursuant to § 1292(b) (Doc. 118).

**IT IS SO ORDERED.**
**DATED: January 19, 2018**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**