IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br><br>v.<br><br>AMSTED RAIL COMPANY, INC.,<br>　　　　Defendant. | Case No. 14-cv-1292-JPG-SCW |

## CONSENT DECREE

1. Plaintiff Equal Employment Opportunity Commission instituted this action against Defendant Amsted Rail Company, Inc. ("Amsted Rail") to enforce provisions of Title I of the Americans with Disabilities Act, as amended. In its Complaint, the EEOC alleged that Amsted Rail violated the ADA by discriminating against Montrell Ingram and other individual applicants (hereinafter collectively "aggrieved individuals") at the company's Granite City, Illinois, facility by refusing to hire them into chipper positions because they either tested outside the normal range on a pre-employment nerve conduction test or they disclosed a prior history of corrective treatment for carpal tunnel syndrome in violation of Sections 102(a), (b)(1) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) and (b)(5)(A). Amsted Rail states that it has not used nerve conduction testing since 2012.

2. In the interest of resolving this matter, and as a result of having engaged in settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. This Decree fully and finally resolves any and all claims alleged in the Complaint.

5245366v.1

3. The parties agree to the jurisdiction of this Court over the subject matter of this action and the parties to the case.

4. The parties agree that this Decree is fair, reasonable, and not contrary to law.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

5. Amsted Rail, its officers, agents, managers, employees, successors, and assigns, including any physician, medical staff, or medical facility that conducts any medical examinations for Amsted Rail, shall not refuse to hire applicants into chipper positions because they either tested outside the normal range on a pre-employment nerve conduction test or they disclosed a prior history of corrective treatment for carpal tunnel syndrome.

6. Amsted Rail, its officers, agents, managers, employees, successors, and assigns are enjoined from retaliation of any kind against any person who was a claimant in this lawsuit.

7. Amsted Rail shall not use the results of any nerve conduction test as a basis to deny employment to any applicant.

8. Amsted Rail will not rely on an individual's medical history, diagnosis, or treatment related to carpal tunnel syndrome as a basis to deny employment to any applicant unless based upon reasonable medical judgment that relies on the most current medical knowledge and/or the best available objective evidence, and upon an expressly individualized assessment of the individual's present ability to safely perform the essential functions of the job.

5245366v.1

## MONETARY RELIEF

9. Judgment is entered in favor of the Commission and against Amsted Rail in the amount of $4,400,000. This amount represents back pay, compensatory, and punitive damages for the aggrieved individuals. In the event of non-payment, it is acknowledged that the monetary relief agreed to herein is a debt owed to and collectible by the United States, or its proxy, notwithstanding that Charging Party and/or other aggrieved individuals are the ultimate beneficiary of any agreed monetary relief.

10. The receipt of individual monetary relief by an aggrieved individual shall not be conditioned upon his agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his statutory right to file a charge for future conduct with any federal or state anti-discrimination agency; (c) refrain from reapplying for employment with Amsted Rail; (d) a non-disparagement agreement; (e) execute a general release of all claims; or (f) any other terms or conditions not explicitly stated in this Decree.

11. Within the later of thirty (30) days after entry of this decree or after the EEOC provides Amsted Rail with current address information for each aggrieved individual, his estate or heirs, and an IRS Form W-4 for all aggrieved individuals receiving backpay, Amsted Rail shall pay the judgment separately to each aggrieved individual, his estate, or heirs by check, cashiers' check, or money order. Damages shall be paid to each aggrieved individual, his estate or heirs in the amounts set forth in Exhibit 1, less only deductions for the aggrieved individual's

portion of applicable withholdings and taxes from any designated backpay amount. Amsted Rail will provide with each payment a statement itemizing the withholdings. Amsted will not delay payment to living aggrieved individuals based on any delay in receiving the names and / or contact information for the estates or heirs of any deceased aggrieved individuals.

12. Within seven (7) business days of issuing the checks, Amsted Rail will furnish a copy of each check, withholding statement, and related correspondence to the EEOC.

13. By January 31, 2019, Amsted Rail shall issue to each aggrieved individual or payee an IRS Form W-2 for the designated backpay amount and an IRS Form 1099 for the designated non-backpay amount.

14. In the event that any check(s) issued to aggrieved parties are not cashed/negotiated within one hundred eighty (180) days of issuance of the check(s), Amsted Rail shall provide EEOC notice of which check(s) were not negotiated. Amsted Rail will provide such notice within two hundred ten (210) days after issuance of the checks. Within sixty (60) days from the date of such notice, EEOC will attempt to resolve the issue and provide Amsted Rail with an alternative address or delivery method to provide payment to the aggrieved individual(s). If any settlement funds have not been distributed to aggrieved individuals within nine (9) months of entry of this decree, Amsted Rail shall pay any remaining funds as follows: (A) If the total amount of unclaimed funds exceeds $50,000.00 then Amsted Rail shall distribute the unclaimed payment

amount equally to each claimant identified in Exhibit 1 (with the exception of any claimant who is the cause for redistribution); or (B) If the amount of unclaimed funds is $50,000.00 or less, Amsted Rail shall pay the remaining funds to Workplace Fairness (www.workplacefairness.org).

## OTHER INDIVIDUAL RELIEF

15. During the term of this decree, as chipper jobs become available for outside hire, Amsted Rail shall make a one-time, written, conditional-job offer of a chipper position to each of the aggrieved individuals identified in Exhibit 4. The conditional offers will be made in alphabetical order by each aggrieved individual's last name.

16. The job offers required by paragraph 15 will be mailed by certified mail, return receipt requested, and email. Amsted Rail will contemporaneously notify EEOC by email to patrick.holman@eeoc.gov and EEOC-SLDO-decree-monitoring@eeoc.gov when each offer is mailed. If an aggrieved individual does not accept the conditional offer in writing within seven (7) days from the date of certified mailing and email, the offer is withdrawn and will not be renewed. Any aggrieved individual who accepts the conditional offer must successfully complete a drug screen, background check, medical examination, and physical demands test in order to satisfy the conditions of the job offer, but must satisfy no other conditions.

17. In lieu of retroactive seniority or benefits, Amsted will pay $3,000.00 in wages to each aggrieved individual who satisfies the conditions of the job offer and who

remains employed at the end of his probationary period. Payment will be made at the time of the individual's next regular paycheck.

## EQUITABLE RELIEF

18. Within thirty (30) days of entry of this Decree, Amsted Rail shall retain an outside consultant, subject to objection by the EEOC, who specializes in the administration of lawful pre-employment medical testing and medical examination methods that do not discriminate on the basis of disability, perceived disability, or record of disability and that facilitate the reasonable accommodation of persons with disabilities in the workplace.

19. Within fourteen (14) days after identification of the consultant, the EEOC shall indicate whether it objects to the identified consultant. Should the EEOC object, the parties shall, within seven (7) days of the EEOC's making its objection, meet and confer in good faith for the purpose of addressing the EEOC's objection.

20. Within ninety (90) days of entry of this Decree, the consultant shall review Amsted Rail's pre-employment practices and procedures for medical examinations and medical testing related to carpal tunnel syndrome and provide Amsted Rail with written recommendations regarding how to make its pre-employment medical examination and medical testing practices and procedures related to carpal tunnel syndrome non-discriminatory and fully compliant with the ADA.

21. Within thirty (30) days of receiving the consultant's recommendations, Amsted Rail will either fully adopt all of the consultant's recommendations or will notify

the EEOC in writing which specific recommendations it refuses to adopt and explaining why it is not adopting them.

22. After the consultant's initial review and recommendations and for the remaining term of this decree, Amsted Rail will retain the consultant again and obtain the consultant's written recommendations prior to making any additional changes to its pre-employment practices and procedures for medical examinations and medical testing relating to carpal tunnel syndrome. If at any time Amsted Rail chooses not to follow the consultant's recommendations, Amsted Rail will notify the EEOC in writing which specific recommendations it refuses to adopt and explain why it is not adopting them.

23. Within sixty (60) days of entry of this Decree and annually thereafter during the term of this Decree, Amsted Rail shall provide at least four hours of live, in-person training by a qualified trainer knowledgeable about effective training methods, the ADA, employment testing, and reasonable accommodations. The training shall be provided to all of Amsted Rail's human resources employees and medical personnel who play any role in Amsted Rail's hiring process and to all third-party medical personnel who conduct post-offer/pre-employment medical exams and assessments of applicants for employment. The training shall address an employer's obligation to provide reasonable accommodations under the ADA and lawful and unlawful medical inquiries and testing, including post-offer medical assessments and the lawful use of such assessments.

5245366v.1

24. Within thirty (30) days of the completion of each training program, Amsted Rail will provide EEOC the names and job titles of the individuals who received training.

25. Within fourteen (14) days of entry of this decree, Amsted Rail shall post the notice attached as Exhibit 2 at its facility in a location readily visible to applicants for employment and wherever notices to employees are customarily posted.

26. Within fourteen (14) days of entry of this decree, Amsted Rail shall include the language attached as Exhibit 3 on all employment applications, whether paper or electronic.

## REPORTING

27. Within six (6) months of entry of this Decree and every six months thereafter during the term of this Decree, Amsted Rail shall submit to the EEOC (1) the identity and (2) rationale for its decision not to hire each person who applied for a chipper position during the previous six (6) months and whom Amsted Rail did not hire based on the post-offer medical assessment. Upon request by the EEOC, Amsted Rail shall provide, within fourteen (14) days of such request, any additional information submitted by the applicant, including his or her application for employment and medical assessment records and all other information relied upon by Amsted Rail in deciding not to hire the applicant.

28. For the duration of this decree, Amsted Rail will retain copies of all applications and medical assessments and other records submitted by applicants for employment as a chipper; as well as copies of all correspondence to claimants;

correspondence to EEOC; and all other documents relating to compliance with this decree, including copies of notices, reports, certifications, and training materials and related information. Upon request by the EEOC to demonstrate compliance with this Decree, Amsted Rail shall provide, within fourteen (14) days of such request, any of the above described information.

29. Within seven (7) days of completing the actions required by Paragraphs 11, 13, 23, and 25 (mailing checks, issuing tax forms, training, notice posting), Amsted Rail will submit to the EEOC certification that those actions were completed.

30. Within seven (7) days of receiving the consultant's written recommendations as described in Paragraphs 20 and 22, Amsted Rail will submit a copy of those recommendations to the EEOC.

31. All certifications, notices, reports, and other materials required to be submitted to the EEOC under this Decree shall be mailed to Andrea G. Baran, Regional Attorney, U.S. Equal Employment Opportunity Commission, 1222 Spruce Street, Room 8.100, St. Louis, Missouri, 63103, with electronic copies e-mailed to: EEOC-SLDO-decree-monitoring@eeoc.gov

## MISCELLANEOUS PROVISIONS

32. Except as otherwise specified in this Decree, the terms of this Decree apply to Amsted Rail's Granite City, Illinois facility.

33. By entering into this Consent Decree, the parties intend to resolve only the charge of discrimination that created the procedural foundation for this suit and the claims of the aggrieved individuals that were brought or could have been brought by

EEOC in this lawsuit under the ADA. No other pending or future charges, if any, are affected by this Decree.

34. This Decree will be for a period of two and one half years and may be extended by petition to the Court by the Commission and upon a showing by the Commission that the applicable standard for modifying and extending a consent decree is satisfied. This Court shall retain jurisdiction over this matter for purposes of compliance.

35. The terms of this Consent Decree shall be binding upon Amsted Rail's present and future directors, officers, managers, agents, successors, and assigns. Amsted Rail and any successor(s) shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Amsted Rail, or any proposed successor, prior to any such acquisition, merger, or succession.

36. At any time during the term of this Decree, the Commission may petition this Court to enforce any term of this Decree. Should the Court determine that Amsted Rail has not complied with any term of this Decree, the Court shall grant appropriate relief.

**IT IS SO ORDERED.**

**DATE: June 11, 2018**

s/ J. Phil Gilbert<br>
**HONORABLE J. PHIL GILBERT**<br>
**UNITED STATES DISTRICT JUDGE**

ENTERED AND APPROVED:

FOR PLAINTIFF EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Andrea G. Baran*
ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney

C. FELIX MILLER, MO Bar No. 28309
Supervisory Trial Attorney

GRANT R. DOTY, MO Bar No. 60788
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7914 (telephone)
(314) 539-7895 (fax)
andrea.baran@eeoc.gov
felix.miller@eeoc.gov
grant.doty@eeoc.gov

PATRICK J. HOLMAN, OBA No. 21216
Senior Trial Attorney
Equal Employment Opportunity Commission
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4363 (telephone)
(405) 231-4375 (fax)
patrick.holman@eeoc.gov

EMILY A. KEATLEY
Equal Employment Opportunity Commission

Page **11** of **18**

Kansas City Area Office
400 State Avenue, Suite 905
Kansas City, Kansas 66101
(913) 551-6648 (telephone)
(913) 551-6648 (fax)
emily.keatley@eeoc.gov

JEFF A. LEE
Senior Trial Attorney
Equal Employment Opportunity Commission
Albuquerque Area Office
505 Marquette Avenue, NW, Ste. 900
Albuquerque, NM 87102
(505) 248-5210 (telephone)
jeff.lee@eeoc.gov

FOR DEFENDANT AMSTED RAIL COMPANY, INC.:

*/s/ Michael J. Krautner*

MICHAEL J. KRAUTNER
SECRETARY
Amsted Rail Company, Inc.

*/s/ Robert L. Ortbals, Jr.*

ROBERT L. ORTBALS, JR., MO Bar #56540
rortbals@constangy.com
Constangy, Brooks, Smith & Prophete, LLP
7733 Forsyth Boulevard, Suite 1325
St. Louis, MO 63105
Telephone: 314.925.7270
Facsimile: 314.925.7278

DONALD S PROPHETE, MO Bar #56058
dprophete@constangy.com
NIKKI HININGER HOWELL, MO Bar #56815
nhowell@constangy.com
R. EVAN JARROLD, MO Bar #64936
ejarrold@constangy.com
Constangy, Brooks, Smith & Prophete, LLP
2600 Grand Blvd., Suite 750
Kansas City, MO 64108
Telephone: 816.329.5933
Facsimile: 816.472.6401

Exhibit 1

| No. | CLAIMANT NAME | ADDRESS | BACK PAY (gross amount) | COMPENSATORY (gross amount) |
|---|---|---|---|---|
| 1. | Ashraf Abdallah | ADDRESSES REDACTED | $69,176.00 | $52,000.00 |
| 2. | Kevin Adams | | $60,866.00 | $52,000.00 |
| 3. | Elvis Allen | | $67,369.00 | $52,000.00 |
| 4. | Leon Arnold | | $63,585.00 | $52,000.00 |
| 5. | Richard Bates | | $62,813.00 | $52,000.00 |
| 6. | Gregory Brown | | $60,717.00 | $52,000.00 |
| 7. | Justin Cade | | $65,959.00 | $52,000.00 |
| 8. | Brandon Dougherty | | $30,156.00 | $52,000.00 |
| 9. | Mark Gean | | $37,613.00 | $52,000.00 |
| 10. | Isaac Gibson | | $66,689.00 | $52,000.00 |
| 11. | Sherren Gilbert | | $64,974.00 | $52,000.00 |
| 12. | Delarrian Harmon | | $63,950.00 | $52,000.00 |
| 13. | Aaron Harvey | | $63,636.00 | $52,000.00 |
| 14. | Torrence Henderson | | $36,675.00 | $52,000.00 |
| 15. | Andrea Holmes (legal heir of deceased claimant Brett Holmes) | | ■ | $121,138 |
| 16. | Marcus Humphrey | | $43,818.00 | $52,000.00 |
| 17. | Montrell Ingram | | $147,018.00 | $152,000.00 |
| 18. | Anthony | | ■ | $123,027 |

| # | Name | | | |
|---|---|---|---|---|
| | Jimerson (deceased) | ADDRESSES REDACTED | | |
| 19. | Chester Johnson | | $67,993.00 | $52,000.00 |
| 20. | Andre Lee | | $52,184.00 | $52,000.00 |
| 21. | Wayne Lee | | $72,049.00 | $52,000.00 |
| 22. | Lardez Luster | | $66,883.00 | $52,000.00 |
| 23. | Kenneth Manning | | $63,714.00 | $52,000.00 |
| 24. | James Marquardt | | $26,028.00 | $52,000.00 |
| 25. | Robert McCartney | | $68,057.00 | $52,000.00 |
| 26. | Ryan McKellar | | $32,171.00 | $52,000.00 |
| 27. | Ramiro Munoz | | $62, 326.00 | $52,000.00 |
| 28. | John Offerman | | $62,126.00 | $52,000.00 |
| 29. | Trevor Patt | | $58,130.00 | $52,000.00 |
| 30. | Aaron Rives (deceased) | | | $110,424 |
| 31. | Michael Robinson | | $69,034.00 | $52,000.00 |
| 32. | Steven Rommerskirchen | | $10,012.00 | $52,000.00 |
| 33. | Kevin Sanders | | $69,242.00 | $52,000.00 |
| 34. | Dwight Snelson | | $62,710.00 | $52,000.00 |

| # | Name | Address | | |
|---|---|---|---|---|
| 35. | Thomas Spring | ADDRESSES REDACTED | $47,024.00 | $52,000.00 |
| 36. | Sirleon Stuckey | | $69,904.00 | $52,000.00 |
| 37. | Shaun Tarran | | $48,990.00 | $52,000.00 |
| 38. | Damon White | | $61,820.00 | $52,000.00 |
| 39. | David Cashen | ADDRESSES REDACTED | ■ | $25,000.00 |
| 40. | Todd Welch | | ■ | $25,000.00 |

Exhibit 2



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## St Louis District Office

### NOTICE

This Notice is being posted as part of the remedy provided by the Consent Decree entered in *EEOC v. Amsted Rail Co., Inc.*, Civil Action No. 14-cv-1292-JPG-SCW (S.D. Ill.).

**Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's disability, with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Federal law also states that those who participate in the Equal Employment Opportunity (EEO) process will not be retaliated against.**

Title I of the Americans with Disabilities Act of 1990 (ADA), prohibits private employers from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment.

Amsted Rail Co., Inc. (Amsted Rail) is committed to compliance with the ADA in all respects and does not base employment decisions upon an applicant's or an employee's disability, record of a disability and/or perceived disability. Specifically, Amsted Rail does not require applicants who are conditionally offered employment to undergo a nerve conduction test or deny employment to an applicant on the sole basis of his or her history of prior corrective treatment of Carpal Tunnel Syndrome.

Further, Amsted Rail does not take any action against any person because they, or someone closely associated with them (e.g. friend, relative, in-law, etc.), have exercised their rights under the law. Should you be retaliated against because you, or someone associated with you, have opposed any practice made unlawful by federal employment laws enforced by the EEOC or for having filed a charge of discrimination, testified, assisted, or participated in an investigation, proceeding, or litigation under federal employment laws enforced by the EEOC or in any other way been discriminated against while employed by or applying for employment with Amsted Rail, you may seek assistance from:

**Andrea G. Baran, Regional Attorney**
**U.S. Equal Employment Opportunity Commission**
St Louis District Office
Robert A. Young Bldg., Rm 8.100
St Louis, MO 63103
(314) 539-7910 (direct telephone)
andrea.baran@eeoc.gov (email)
1-800-669-4000; info@eeoc.gov; www.eeoc.gov

This NOTICE will remain posted until [two and one half years following entry of the Decree.]

Exhibit 3

Amsted Rail is an equal opportunity employer. Applicants are considered for employment without regard to race, color, national origin, religion, sex, age, disability, genetic information, or any other basis prohibited by applicable federal, state, or local law. Federal law requires that there be no discrimination against any applicant for employment because of the individual's disability, with respect to hiring, compensation, or other terms, conditions or privileges of employment. Title I of the Americans with Disabilities Act of 1990 (ADA), prohibits private employers from discriminating against qualified individuals with disabilities in job application procedures, including pre-employment, post-offer medical exams, hiring, compensation, and other terms, conditions, and privileges of employment. Amsted Rail is committed to compliance with the ADA in all respects and does not base employment decisions upon an applicant's or an employee's disability, record of a disability and/or perceived disability. Should you feel as though you have been discriminated against while employed by or applying for employment with Amsted Rail, you may seek assistance from Chris Dockery, Amsted Rail Company, Inc., 1700 Walnut St., Granite City, IL 62040, (618) 452-2111, cdd@amstedrail.com.

EEOC v. Amsted

Exhibit 4

Claimants to Whom Amsted Shall Make a Conditional Chipper Job Offer:

| No. | CLAIMANT NAME | CLAIMANT ADDRESS* |
|---|---|---|
| 1 | Ashraf Abdallah | **ADDRESSES AND EMAIL ADDRESSES REDACTED** |
| 2 | Elvis Allen | |
| 3 | Leon Arnold | |
| 4 | Dellarian Harmon | |
| 5 | Torrence Henderson | |
| 6 | Marcus Humphrey | |
| 7 | Steven Rommerskirchen | |